IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-356(2) |
| | § | C.A. No. C-05-116 |
| MARTHA ALTAGRACIA CASTELLANOS | § | |
|     GUTIERREZ, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER GRANTING MOTION TO DISMISS,
DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

On March 2, 2005, the Clerk received from Movant Martha Altagracia Castellanos ("Castellanos") a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (D.E. 30).[1] After seeking and receiving an extension of time to respond (D.E. 35, 36), the government filed its answer, motion for summary judgment, and alternative motion to dismiss on July 6, 2005. (D.E. 39-41). As discussed herein, Castellanos' motion, in part, challenges the validity of her plea agreement. Her claim challenging the plea agreement is addressed and denied on its merits. Her remaining claims are barred by her valid and enforceable waiver of her right to seek § 2255 relief. For these reasons, discussed in more detail herein, the government's motion for summary judgment is GRANTED IN PART and DENIED IN PART, the government's motion to dismiss is GRANTED and Castellanos' § 2255 motion is DENIED.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, C-03-356.

1

## II.  FACTS AND PROCEEDINGS

On December 10, 2003, Castellanos was charged in a two-count indictment with: (1) knowingly and intentionally conspiring to possess with intent to distribute approximately 22 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("count one"); and (2) knowingly and intentionally possessing with intent to distribute approximately 22 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("count two"). (D.E. 1).

On January 30, 2004, Castellanos pleaded guilty to count one, pursuant to a written plea agreement. (D.E. 13, 14).  In exchange for her guilty plea to count one and her waiver of appellate and § 2255 rights (discussed below), the government agreed to move for the dismissal of count two at sentencing, to recommend a two-level credit for acceptance of responsibility and to make a motion for a third level credit for acceptance of responsibility, and to request a sentence at the lowest end of the applicable guideline range. (D.E. 14).

The plea agreement contained a waiver of Castellanos' right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 14 at ¶ 7) (emphasis in original).

At her rearraignment, the plea agreement was summarized by the Assistant United States Attorney ("AUSA").  With regard to her waiver of 2255 rights, the AUSA stated: "The agreement also

explains to the Defendant that she is giving up her rights to collaterally attack a conviction or a sentence under Title 28, United States Code, Section 2255." (D.E. 37, Rearraignment Transcript ("R. Tr.") at 17). At the conclusion of this summary, Castellanos testified that the agreement was hers, that it was the entire agreement, that she understood it, and that no one had promised her anything that was not in the written agreement. (R. Tr. at 17-19). The agreement is signed by Castellanos and she testified at her rearraignment that her signature was on the last page, that it was read to her completely in Spanish before she signed it, and that she discussed it completely with her attorney before she signed it. (R. Tr. at 19).

The Court questioned Castellanos under oath at the rearraignment to ensure that her plea was voluntary and knowing and to ensure that she understood and was voluntarily relinquishing her appeal rights and right to file a § 2255 motion. In emphasizing the waiver of Castellanos' § 2255 rights, the Court instructed:

> THE COURT: You're also giving up another valuable right that's separate and apart from a right to appeal. You would also have a right to try to bring a post-conviction remedy to set aside your conviction based on constitutionality, jurisdiction, and such matters as ineffective assistance of counsel. If you go forward with this plea, you give up that right forever. Do you understand that?
>
> DEFENDANT: Yes, Your Honor.

(R. Tr. at 15). It is clear from the foregoing that Castellanos' waiver of her § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Castellanos on April 26, 2004 to 46 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $50 fine and a $100 special assessment. (D.E. 24, 26). Judgment of conviction and sentence was entered April 28,

3

2004. (D.E. 26). Consistent with her waiver of appellate rights, Castellanos did not appeal. Her § 2255 motion was received by the Clerk of this Court on March 2, 2005. (D.E. 30). It is timely.

### III. MOVANT'S ALLEGATIONS

Castellanos' motion is not a model of clarity, but the Court interprets it as asserting two general claims. First, she claims that she was denied ineffective assistance of counsel, arguing that her counsel was "so ineffective that he never help [sic] petitioner in the whole stage of the case." (D.E. 30, Supp. Mem. at 1). Her motion contains a lengthy list of alleged failures by counsel, including the following:

- counsel did not explain the consequences of her plea agreement;

- counsel did not pursue favorable negotiations on her behalf;

- counsel did not investigate every possible defense;

- counsel did not show her documents proving her participation in the conspiracy; and

- counsel's failure to provide documents resulted in her entering her plea under duress, and she pleaded guilty as a result of the "fearful tactics of her counsel."

(D.E. 30, Supp. Mem. at 2-3). She provides little additional detail in support of any of these claims.

Second, she claims that her sentence was unconstitutional and plain error, because she was sentenced under a pre-Booker sentencing regime, in which the sentencing guidelines were mandatory, instead of advisory.

The government has moved for summary judgment against Castellanos' motion in its entirety on the grounds that it is barred by her waiver of § 2255 rights. In the alternative, the government contends that her motion is subject to dismissal because the record in the case conclusively shows that no relief is appropriate as to her underlying allegations.

## IV. DISCUSSION

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Castellanos has procedurally defaulted her claims by failing to appeal.  Rather, the Court concludes that she waived her right to file both her Booker claim and most of her allegations of ineffective assistance in her § 2255 motion, see infra Section IV.C., and thus it does not reach the merits of those claims.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing a waiver of appeal rights that was signed prior to the issuance of United States v. Booker, 125 S. Ct. 738 (2005)).

To the extent she is claiming that her plea was not voluntary or not knowing due to the ineffectiveness of her counsel, however, that claim falls outside the scope of the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea

5

itself"); United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to Castellanos' claim that she received ineffective assistance of counsel with regard to her plea.[2]

**B.     Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that her counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Castellanos appears to be arguing that her guilty plea was not knowing and voluntary because her counsel somehow engaged in "fearful" tactics that cause her to plead guilty only under duress. She also claims that he did not adequately explain to her the consequences of pleading guilty.

---

[2] The merits of this claim presents a threshold issue. If the Court were to determine that the plea was involuntary or unknowing, the waiver, too, would be called into question. The Court concludes herein, however, that Castellanos' plea was voluntary and knowing. Thus, her § 2255 waiver is enforceable as to her remaining claims.

6

Notably, she provides no detail or factual support for her claims and they are subject to dismissal for this reason alone. See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (conclusory allegations on a critical question do not raise a constitutional issue). Moreover, her contentions are flatly contradicted by her own testimony at rearraignment. Specifically, Castellanos testified in open court that she had enough time to talk with her attorney, that her attorney had answered all her questions, was following her instructions, had made time to see her in jail and take her phone calls, that she was able to communicate completely with him, and that she was satisfied with his advice and efforts. (R. Tr. at pp. 9). Castellanos was made aware of the charge against her and testified that she understood it. (R. Tr. at 9-12). The court explained to Castellanos that she had a right to a jury trial and accompanying trial rights (R. Tr. at 12-13). The Court extensively questioned Castellanos to ensure that she understood the nature of the crime to which she was pleading, and that her plea was voluntary.

The Court also explained the maximum punishment that Castellanos might receive, which was a maximum term of life imprisonment, and also explained that she was subject to a statutory minimum sentence of ten years. (R. Tr. at 20-21). The Court also ensured itself that her plea was not being made under duress:

> THE COURT: Has anyone forced you in any way to plead guilty?
>
> THE DEFENDANT: No, no one.
>
> THE COURT: Is your decision to plead guilty entirely voluntary?
>
> THE DEFENDANT: Yes, Your Honor.

(R. Tr. at 24). Castellanos further testified that no one had promised her anything in exchange for her plea, including any promise for a downward departure or safety valve relief. (R. Tr. at 18-19).

Thus, at the time that Castellanos pleaded guilty, the Court properly and fully assured itself that her plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d

7

662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences).

Castellanos' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). In her statements, Castellanos stated clearly and unequivocally that no one had forced her to plead guilty, but that it was her decision to do so. Those sworn statements preclude the relief she seeks here, because they contradict her belated and vague assertion that she was somehow forced to plead guilty by her counsel. Similarly, the consequences of her plea were fully explained to her by the Court, and she testified that she understood.

In short, it is clear that Castellanos cannot show that she would have insisted on going to trial but for counsel's performance, despite her bare allegations now to the contrary. Thus, Castellanos cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether her counsel's performance on this issue was deficient. Her ineffective assistance claim fails. For the foregoing reasons, the Court finds that Castellanos' guilty plea was both knowing and voluntary, and therefore her waiver of § 2255 rights is enforceable and bars the remainder of her claims. The effect of the waiver is discussed more fully in the subsequent section.

### C.     Waiver of § 2255 Rights

It is clear from the rearraignment transcript that Castellanos understood that she was waiving her right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for her waiver to be enforceable. See Wilkes, 20 F.3d at 653 (waiver

is knowing if defendant understood he had a right, and understood he was giving it up).  Again, her statements under oath are entitled to a strong presumption of truthfulness.  Lampaziane, 251 F.3d at 524; Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84.  Those statements support a finding that her wavier was knowing and voluntary.

In sum, the Court concludes that Castellanos' waiver of her right to file a § 2255 motion is valid and enforceable.  Thus, while her ineffective assistance claim as to her plea and her claim that the government breached the plea agreement are denied on the merits, her remaining claims of ineffective assistance and her Booker claim fall within the scope of her waiver.  Those claims, therefore, are not properly before the Court.  See generally Wilkes, supra; White, supra.  For these reasons, her § 2255 motion is DENIED in its entirety.

The government's motion for summary judgment, which claims that all of her claims are barred by her waiver, is therefore GRANTED IN PART.  It is granted as to all of her claims except her claim that she received ineffective assistance of counsel with regard to her plea.  That claim is DISMISSED on its merits, and the government's motion to dismiss is therefore GRANTED.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Castellanos has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a

9

substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Castellanos' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Her own testimony evidences an understanding of the consequences of her plea and establishes that her plea was voluntary. Thus, she did not receive ineffective assistance and her waiver is valid.

Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Castellanos cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that her waiver bars both her Booker claim and her remaining claims of ineffective assistance of counsel. Accordingly, Castellanos is not entitled to a COA as to her claims.

## V. CONCLUSION

For the foregoing reasons, the government's motion for summary judgment (D.E. 39) is GRANTED IN PART and its motion for dismissal (D.E. 41) is GRANTED. Castellanos' motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255 (D.E. 30) is DENIED WITH PREJUDICE. Additionally, Castellanos is DENIED a Certificate of Appealability. Finally, Castellanos' motion for status of case (D.E. 34) is DENIED AS MOOT.

Ordered this 30th day of October 2005.

_____
Janis Graham Jack
United States District Judge